B104 (FORM 104) (08/07)

| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (For Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Ronald N Michaud<br>114A Carlton Arms Circle<br>Bradenton, FL 34208 | **DEFENDANTS**<br>Sallie Mae, Inc.<br>Attn: Albert L. Lord, Director<br>300 Continental Drive<br>Newark, DE 19713 |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Melanie A. Newby, Esq. 0870481<br>Jodat Law Group, P.A.<br>521 Ninth Street West<br>Bradenton, FL 34205<br>941-749-1901  Fax: 941-896-8801 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☒ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUES INVOLVED)
Action for determination of dischargeability of debt pursuant to 11 U.S.C. § 523(a)(8)

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) - Recovery of Money/Property**
[ ] 11-Recovery of money/property - §542 turnover of property
[ ] 12-Recovery of money/property - §547 preference
[ ] 13-Recovery of money/property - §548 fraudulent transfer
[ ] 14-Recovery of money/property - other

**FRBP 7001(2) - Validity, Priority or Extent of Lien**
[ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) - Approval of Sale of Property**
[ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) - Objection/Revocation of Discharge**
[ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) - Revocation of Confirmation**
[ ] 51-Revocation of confirmation

**FRBP 7001(6) - Dischargeability**
[ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
[ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) - Dischargeability (continued)**
[ ] 61-Dischargeability - §523(a)(5), domestic support
[ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
[X] 63-Dischargeability - §523(a)(8), student loan
[ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
[ ] 65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
[ ] 71-Injunctive relief - imposition of stay
[ ] 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
[ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[ ] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
[ ] 01-Determination of removed claim or cause

**Other**
[ ] SS-SIPA Case - 15 U.S.C. §§78aaa *et.seq.*
[ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Ronald N Michaud | | BANKRUPTCY CASE NO.<br>8:13-bk-07220 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Middle District of Florida | DIVISION OFFICE<br>Tampa | NAME OF JUDGE<br>Honorable K. Rodney May | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Melanie A. Newby, Esq.<br>Melanie A. Newby, Esq. 0870481 | | | |
| DATE<br>July 10, 2013 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Melanie A. Newby, Esq. 0870481 | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION**

**IN RE:**

**Ronald Michaud**　　　　　　　　　　**CASE NO.:**　**8:13-bk-07220**
　　　　　　　　　　　　　　　　　　　　**CHAPTER**　**7**
**DEBTOR**
_____/

**Ronald Michaud,**

　　　**Plaintiff,**

　　　　　　　　　　　　　　　　　　　　**ADVERSARY**
**v.**　　　　　　　　　　　　　　　　　　**PROCEEDING NO.** _____

**Sallie Mae, Inc.,**

　　　**Defendant.**
_____/

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523 (a)(8)

**COMES NOW** Plaintiff, **Ronald Michaud,** the Debtor in the above-captioned Chapter 7 case (hereinafter "Debtor") by and through undersigned attorney, and hereby files this Complaint against Defendant, Sallie Mae, Inc., (hereinafter "Defendant") to determine dischargeability of debt pursuant to 11 U.S.C. § 523(a)(8). Plaintiff requests entry of an Order declaring that the debt owed to Sallie Mae, Inc. be discharged in the bankruptcy proceeding and in support of the Complaint states as follows:

1. On or about May 31, 2013 (the "Petition Filing Date"), the Debtor, Ronald Michaud, filed a petition under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"), currently pending in this Court.

2. Plaintiff brings this action pursuant to 11 U.S.C. § 523(a)(8).

3. The Court has jurisdiction and it is proper for this Court to hear this proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and the standing Order of Reference of the United States District Court, Middle District of Florida, referring all Bankruptcy matters to United States Bankruptcy Court, Middle District of Florida.

4. This is a core proceeding under 28 U.S.C. § 157.

5. Plaintiff, Ronald Michaud, is the Debtor in the pending bankruptcy case under which this adversary is being filed.  Plaintiff is a natural person resident in the City of Bradenton, County of Manatee, State of Florida.

6. Defendant, Sallie Mae, Inc., doing business in the State of Virginia, is a "creditor" as that term is defined by 15 U.S.C. § 1692a(4).

7. Debtor currently owes Defendant an unsecured debt of approximately $22,973.00 for a student loan under account ending in 5293 as duly listed on Schedule F of Debtor's Voluntary Bankruptcy Petition.

8. This loan was incurred in December 2001 as a consolidation of two student loans incurred to pay expenses and tuition at Western Maryland College in Westminster, Maryland and Rivier College in Nashua, New Hampshire.

9. Debtor completed his coursework obtaining a Masters in Special Education from Maryland College in 2002 and a Masters in Business Administration from Rivier College in 2005.

10. Debtor worked full time as a Chief Financial Officer for a mental health agency until approximately 2008 at which time he suffered continuous angina and was deemed disabled.

11. Debtor collected private disability from 2008 until March of 2013 in the net amount of $2,335.00. During this time and up until May of 2013, Debtor continued to make his monthly payment to Sallie Mae, Inc. in the amount of $223.00.

12. Debtor has a pacemaker (the second of two he has had to have put in), has had 2 stent placements, has daily infusion treatments and has had continuous infections necessitating further surgery. Debtor's physician has informed him that he is 90% dependent upon the pacemaker for which he will need replacement every few years and has a 50% risk of repeat infections.

13. As Debtor's health has continued to decline since 2008, Debtor believes that his current circumstances are likely to persist.

14. Debtor currently receives a net income of $1,019.00 per month from social security and $694.00 per month from Manatee Memorial Hospital which are his sole sources of income.

15. Debtor has been unable to obtain and maintain any full time employment since 2008 due to his health.

16. Based on Debtor's current income and expenses, Debtor will not be able to maintain a minimal standard of living for himself if he is forced to repay the student loan to Defendant and states that payment of such student loan will create an undue hardship.

17. Debtor has made a good faith effort to repay the student loan to Defendant despite his decrease in income.

**WHEREFORE,** Plaintiff respectfully requests this Court grant the discharge of the student loan owed to Defendant pursuant to 11 U.S.C. § 523(a)(8) and such further relief as the Court deems appropriate.

Date:  July 10, 2013                                                                  Respectfully Submitted,

/s/ Melanie A. Newby
Melanie A. Newby, Esq.,
FBN 0870481
Attorney for Plaintiff/Debtor
Jodat Law Group, P.A.
521 Ninth Street West
Bradenton, FL 34205
Phone: (941) 749-1901
Facsimile: (941) 896-8801